IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John M. Bourque,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael Miller; Michael Piccarreta; Michael Christopher Navarro; Ashley Bock,<br><br>   Defendants. | No. CV 13-55-TUC-BPV<br><br>**REPORT & RECOMMENDATION** |

On February 6, 2013, the Court dismissed Plaintiff's Complaint with leave to file an amended complaint within thirty days. (Doc. 10). The time to file an amended complaint has expired, and Plaintiff has not filed the amended complaint. For the following reasons, the Magistrate Judge recommends that the District Court[1] dismiss this action without prejudice.

---

[1] Plaintiff has filed a written consent to Magistrate Judge jurisdiction. (Doc. 4). Some of the Defendants were served with the original complaint, however, that complaint was dismissed before an Answer or other response was due, and the Defendants served have not entered an appearance. Because the Defendants who were served have not consented to Magistrate Judge jurisdiction, the undersigned Magistrate Judge has prepared a Report and Recommendation, which will be directed to District Judge Raner C. Collins.

## I.   DISCUSSION

On January 25, 2013, Plaintiff filed his *pro se* Complaint alleging, *inter alia,* that Defendants have denied him due process under Title 18 of the United States Code "by prolonging my current legal status, unethically representing my best interest and by violating my 5th and 14th [A]mendment rights." (Doc. 1).

On February 6, 2013, the Court dismissed Plaintiff's Complaint because Plaintiff failed to provide a jurisdictional basis for his claims. (Doc. 10). *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and the party asserting jurisdiction bears the burden of pleading jurisdiction). *See also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Valdez v. Allstate,* 372 F.3d 1115, 1116 (9th Cir. 2004) (the Court is obligated to determine *sua sponte* whether it has subject-matter jurisdiction).  The Court granted Plaintiff thirty days leave in which to file an amended complaint stating the basis for the Court's jurisdiction. (*See* Doc. 10). Plaintiff was advised that failure to file the amended complaint within the deadline could result in dismissal of this matter without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action and/or failure to comply with the Court's Order. (*Id.* at p. 6). The time for Plaintiff to file an amended complaint has expired, and Plaintiff has not filed an amended complaint. Other than an affidavit of service filed on February 6, 2013 (Doc. 11) regarding the original complaint, Plaintiff has filed no documents with the Court since the Court issued its February 6, 2013 Order.

Under Rule 41(b) of the Federal Rules of Civil Procedure, the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed.R.Civ.P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*..."). "*Pro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)"), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012); *see also Ghazali v. Moran,* 46

- 2 -

1 F.3d 52, 54 (th Cir. 1995) ("*pro se* litigants are bound by the rules of procedure").

2       In the Ninth Circuit, "when a plaintiff fails to amend his complaint after the district
3 court dismisses the complaint with leave to amend, the dismissal is typically considered a
4 dismissal for failing to comply with a court order rather than for failing to prosecute a claim."
5 *Yourish v. California Amplifier,* 191 F.3d 983, 986 (9th Cir. 1999) (footnote omitted); *see also*
6 *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the
7 plaintiff eventually to respond to the court's ultimatum–either by amending the complaint
8 or by indicating to the court that it will not do so–is properly met with the sanction of a Rule
9 41(b) dismissal."). Whether to dismiss a complaint pursuant to Rule 41(b) is within the
10 district court's discretion. *Yourish,* 191 F.3d at 986. In exercising its discretion under Rule
11 41(b), the court should consider: "(1) the public's interest in expeditious resolution of
12 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
13 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
14 availability of less drastic alternatives.'" *Id.* (*quoting Hernandez v. City of El Monte,* 138 F.3d
15 393, 399 (9th Cir. 1998)). Although dismissal is a harsh penalty, ordinarily dismissal is
16 proper "'where at least four factors support dismissal,...or where at least three factors
17 strongly' support dismissal." *Id.* (*quoting Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.
18 1992)).

19       Here, the first three factors tip the balance in favor of dismissal: "the public's interest
20 in expeditious resolution of litigation always favors dismissal[]", *Id.* at 990; Plaintiff's failure
21 to file an amended complaint "has caused this action to come to a complete halt, thereby
22 allowing Plaintiff[] to control the pace of the docket rather than the Court[]", *id.* at 990-91
23 (internal quotation marks omitted); and Plaintiff's failure to file an amended complaint, or
24 any other document with the Court regarding the filing of an amended complaint, within the
25 deadline results in prejudice to Defendants caused by delay from Plaintiff's failure to comply
26 with the Court's Order without any reason therefor, *id.* at 991-92 ("the risk of prejudice to
27 the defendant is related to the plaintiff's reason for defaulting in failing to timely amend.)".
28 Further, with regard to the fourth factor, although public policy favors disposition of cases

on their merits, Plaintiff's failure to file an amended complaint so that this action may proceed to the merits, defeats this goal. Moreover, as to the fifth factor, Plaintiff's failure to file an amended complaint despite the Court having granted him ample time for doing so, and despite the Court's express warning of the consequences, supports the conclusion that imposition of less drastic sanctions would not be beneficial. *See Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (affirming dismissal where the plaintiff failed to meet deadlines despite court's express warning of consequences). On the instant record, only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to comply with a court order operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise...." In the instant case, dismissal with prejudice would be unnecessarily harsh given that this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.     CONCLUSION

The time for Plaintiff to file an amended complaint pursuant to the Court's February 6, 2013 Order has expired and Plaintiff has not filed an amended complaint. Plaintiff has been advised that his failure to file the amended complaint could result in dismissal of his action without further notice pursuant to Rule 41(b). The factors identified by the Ninth Circuit for consideration in such cases support dismissal without prejudice.

## III.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies shall be permitted without leave of the District Court. If objections are

filed, the parties should use the following case number: **CV 13-55-TUC-RCC.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 4th day of April, 2013.

_____
Bernardo P. Velasco
United States Magistrate Judge